NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND FERNANDES, | ) | No. C 08-4745 JF (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL; GRANTING LEAVE TO |
| vs. | ) ) | PROCEED IN FORMA PAUPERIS |
| ROD TAYLOR, | ) ) | |
| Respondent. | ) ) | |

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has also filed a completed in forma pauperis application. The Court will GRANT Petitioner's motion to proceed in forma pauperis (Docket Nos. 2 & 4) and DISMISS the petition without prejudice.

    A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

    Here, petitioner has not been convicted or sentenced in state court. Rather, he is being confined pursuant to California Penal Code § 1370 based on a finding of mental incompetency. He awaits trial on charges in Alameda County Superior Court on charges

1  of assaulting a police officer.  Section 2241 is the proper basis for a habeas petition by a
2  state prisoner, such as petitioner, who is not held "pursuant to the judgment of a State
3  court" within the meaning of 28 U.S.C. §2254.  See Hoyle v. Ada County, 501 F.3d 1053,
4  1058 (9th Cir. 2007) (pre-trial double jeopardy challenge); McNeely v. Blanas, 336 F.3d
5  822, 824 n.1 (9th Cir. 2003) (pretrial detainee).

6        Petitioner indicates in the petition that he has not raised the claims raised herein,
7  challenging the pending state court charges against him, in the California Court of Appeal
8  or the California Supreme Court.  (Petition at 5.)  Although there is no exhaustion
9  requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism
10 and comity require that this court abstain until all state criminal proceedings are
11 completed and petitioner exhausts available judicial state remedies, unless special
12 circumstances warranting federal intervention prior to a state criminal trial can be found.
13 See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir.), cert. denied, 449 U.S. 1014
14 (1980); see also United States ex rel. Goodman v. Kehl, 456 F.2d 863, 869 (2d Cir. 1972)
15 (pretrial detainees must first exhaust state remedies).  Petitioner may challenge his present
16 detention in habeas petitions filed in the state trial, appellate, and supreme courts.  As he
17 indicates that he has not yet done so, the present petition is not exhausted.

18       According, the instant petition is DISMISSED for failure to exhaust state court
19 remedies.  This dismissal is without prejudice to petitioner's returning to federal court
20 after exhausting his state court remedies by presenting his claims to the California
21 Supreme Court.  Leave to proceed in forma pauperis is GRANTED.

22       The Clerk shall close the file and enter judgment.
23       IT IS SO ORDERED.
24 DATED: 11/20/08
          JEREMY FOGEL
25          United States District Judge